IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MATZE,<br><br>    Plaintiff,<br><br>  v.<br><br>BAYER CORPORATION, an Indiana corporation, a successor to CUTTER BIOLOGICAL, a California corporation; BAXTER HEALTHCARE CORPORATION, a Delaware corporation, and its HYLAND DIVISION; and ALPHA THERAPEUTIC CORPORATION, a California corporation,<br><br>    Defendants.<br>                                                 / | No. C 07-00397 WHA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING TRANSFER AND VACATING HEARING** |

        In this pharmaceutical products-liability action, defendant Bayer Corporation moves to stay the proceedings pending transfer to a multi-district litigation proceeding. In the alternative, Bayer asks for an enlargement of pretrial deadlines. Plaintiff Jeffrey Matze does not oppose these motions. Accordingly, defendant's motion for a stay of the proceedings is **GRANTED**. The hearing on this motion is hereby **VACATED**.

        Plaintiff filed this action on January 19, 2007. Matze alleges that he contracted Hepatitis C as a result of using defendants' Factor VIII and Factor IX blood factor concentrates products for treatment of hemophilia (Compl. ¶¶ 1, 7, 8). Since 1993, products-liability actions involving Factor VIII and Factor IX blood factor concentrates have been transferred to the United States District Court for the Northern District of Illinois for coordinated proceedings

before the Honorable Judge John F. Grady. *See In re "Factor VIII or IX Concentrates Blood Products" Liability Litigation*, MDL No. 986, 853 F. Supp. 454 (J.P.M.L. 1993). Defendants filed a notice of a tag-along action with the MDL panel on January 30, 2007. A conditional transfer order issued on February 23, 2007.

The power to grant a temporary stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Staying this action now would promote judicial economy by eliminating unnecessary duplication of work and preventing inconsistent results. Furthermore, plaintiff does not oppose this motion, and a conditional transfer order has already issued. Thus, defendant's motion to stay proceedings pending transfer is **GRANTED**. Because defendant's motion to stay is granted, this order need not reach defendant's motion for enlargement of pretrial deadlines.

Seeing that no further argument is necessary on this matter, the hearing scheduled for March 15, 2007, at 8:00 a.m. is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: March 14, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2